**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5693-18

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

MICHAEL WEST,[1]

      Defendant-Appellant.

_____

Submitted February 24, 2021 – Decided May 26, 2021

Before Judges Ostrer and Enright.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 11-08-1488 and Accusation No. 11-10-0828.

Joseph E. Krakora, Public Defender, attorney for appellant (Damen J. Thiel, Designated Counsel, on the brief).

Theodore N. Stephens, II, Acting Essex County Prosecutor, attorney for respondent (Caroline C. Galda, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

---

[1] Referenced in the record also as Michael J. West and Michael John West.

PER CURIAM

Defendant Michael West appeals from a May 31, 2019 order denying his petition for post-conviction relief (PCR), and a September 9, 2019 order denying his motion to withdraw his guilty plea. We reverse and remand to permit the trial court to conduct an evidentiary hearing on defendant's PCR application and to assess his motion to withdraw his guilty plea, consistent with State v. Slater, 198 N.J. 145 (2009).

In December 2010, defendant gained access to his housemate's banking information and opened a PayPal account in the housemate's name. Thereafter, defendant attempted to transfer $8000 from his victim's bank account to the fake PayPal account he created. Defendant successfully stole $4000 from his victim.

Two months later, defendant falsely reported to the police that someone named Nick Erickson stole his debit card and used it to withdraw funds from his account. He later admitted no such person existed. Defendant also intercepted a letter from the Hudson County Prosecutor's Office which was addressed to his housemate. Defendant responded to the letter, pretending to be his housemate, and stated he did not wish to pursue charges against defendant for stealing $4000.

As a result of his actions, defendant was charged under separate indictments with third-degree theft by deception, N.J.S.A. 2C:20-4, and fourth-degree false reporting to incriminate another, N.J.S.A. 2C:28-4(a); he also was charged by way of accusation with third-degree witness tampering, N.J.S.A. 2C:28-5(a). He agreed to plead guilty to these offenses in exchange for the State's offer to dismiss his remaining charges and recommend he serve an aggregate sentence of 364 days in jail and pay $4000 in restitution.

During his plea colloquy, defendant provided a factual basis for his guilty pleas. He also acknowledged he was voluntarily giving up the right to a trial, that no one had coerced or threatened him to plead guilty, and he had sufficient time to "go over the facts of [his] case, police reports and statements with [his] attorney." Additionally, defendant testified he had enough time to go over the plea form with his attorney and was satisfied with her representation.

At his sentencing on December 16, 2011, trial counsel informed the court defendant was recently diagnosed with bipolar disease and received disability payments because of his condition. She contended that although defendant was before the court on three separate cases, his criminal activity was confined to a limited period of time and stemmed from his "deep depression." She asked the court to consider these facts "in mitigation," noting defendant was undergoing

3

psychiatric treatment. Further, she asked the judge to impose a straight probationary sentence, rather than jail time, notwithstanding the plea agreement.

The State requested that the judge follow the plea agreement. Further, it disputed defendant was recently diagnosed as bipolar, noting his presentence investigation report reflected he received this diagnosis several years earlier. Additionally, the State asserted defendant had received psychiatric treatment for the past three years. The court sided with defense counsel, imposed a five-year probationary sentence and directed defendant to pay restitution to his victim.

Defendant filed a timely PCR petition on July 6, 2016, challenging only his witness tampering and false reporting convictions. When the PCR court heard argument on the petition on May 3, 2019, PCR counsel contended plea counsel was ineffective because she failed to provide defendant with discovery about defendant's offenses, pressured him to plead guilty, and presumably did not seek his admission into the pre-trial intervention (PTI) program. With respect to the latter argument, defendant's PCR counsel acknowledged plea counsel's files were destroyed during Superstorm Sandy, but after confirming the prosecutor could not find a filed PTI application for defendant, PCR counsel was "working from the assumption that it hadn't been done." Further, PCR

4

counsel claimed defendant "would have been an excellent candidate for PTI" because his offenses were "all related to the same incident."

Defendant also spoke during the May 3 hearing. He contended his mental health issues prevented him from entering into a voluntary plea agreement in 2011. Additionally, he argued the recording from his plea hearing would prove he was "under coercion" and "wasn't of sound mind." Defendant also claimed conflicts of interest existed in his case because his "mother and grandmother worked for the courthouse and [his] grandmother was personal friends with the trial court administrator before being replaced in 2014."

Regarding defendant's assertion plea counsel did not provide him with discovery prior to his plea, the PCR judge found defendant now had such discovery, yet failed to show how receiving the discovery sooner would have changed the outcome of the case. Specifically, the judge noted defendant did not demonstrate how it was "exculpatory in nature or in any way would have clouded the strength of the State's case."

Regarding defendant's contention that plea counsel was ineffective for failing to seek his entry into the PTI program, the PCR judge found defendant "failed to establish a reasonable probability that even if the . . . application was made, . . . he would have gone into PTI." The judge then reserved decision on

5

defendant's PCR application so he could listen to a recording of defendant's 2011 plea because defendant contended the recording would show he was not fit in 2011 to enter his guilty pleas.

When the parties returned to court on May 31, 2019, the judge informed the parties he listened to the recording from the plea hearing and found "there was nothing amiss whatsoever in it." The judge added that defendant "in no way . . . seem[ed] impaired" and he "had a back and forth between [himself] . . . and [his] counsel." With that, the judge denied defendant's PCR petition.

In August 2019, defendant moved to withdraw his guilty plea. On September 9, 2019, without conducting oral argument, the same judge who denied defendant's PCR petition denied his motion to withdraw his guilty plea, finding "the issues raised by the defendant in this Motion to Withdraw . . . are the same as the issues addressed and denied in his [PCR] petition."

On appeal, defendant raises the following arguments:

> POINT I
>
> THE PCR COURT ERRED IN DENYING DEFENDANT'S PETITION FOR [PCR] BECAUSE DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL AND DEFENDANT'S PLEA WAS NOT KNOWINGLY AND VOLUNTARILY EXECUTED.

A-5693-18

A. Defense Counsel Rendered Ineffective Assistance During Defendant's Initial Representation and Plea Hearing.

B. Defendant's Petition Should be Granted Because His Plea Was Not Executed Knowingly and Voluntarily.

POINT II

THIS COURT SHOULD REVERSE THE PCR COURT BECAUSE IT FAILED TO PROPERLY ANALYZE THE ELEMENTS OF A [PCR] PETITION, WAS FACTUALLY MISTAKEN IN ITS DECISION, AND FAILED TO GRANT AN EVIDENTIARY HEARING.

POINT III

THIS COURT SHOULD REVERSE THE MOTION COURT BECAUSE IT FAILED TO PROPERLY ANALYZE THE ELEMENTS OF DEFENDANT'S MOTION TO WITHDRAW HIS PLEA AND DEFENDANT'S MOTION WAS MERITORIOUS.

Regarding Points I and II, we initially observe that when petitioning for PCR, a defendant must establish, by a preponderance of the credible evidence, that he or she is entitled to the requested relief. State v. Preciose, 129 N.J. 451, 459 (1992). The defendant must allege and articulate specific facts that "provide the court with an adequate basis on which to rest its decision." State v. Mitchell, 126 N.J. 565, 579 (1992). To establish a prima facie claim of ineffective assistance of counsel, a defendant is obliged to show not only the

particular manner in which counsel's performance was deficient, but also that the deficiency prejudiced his right to a fair trial. Strickland v. Washington, 466 U.S. 668, 687 (1984). In demonstrating that counsel's performance was deficient under the first Strickland prong, a defendant must overcome "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." State v. Fritz, 105 N.J. 42, 52 (1987) (quoting Strickland, 466 U.S. at 689). Further, because prejudice is not presumed, ibid., a defendant must demonstrate "how specific errors of counsel undermined the reliability" of the proceeding, United States v. Cronic, 466 U.S. 648, 659 n.26 (1984).

Both the United States Supreme Court and the New Jersey Supreme Court have extended the Strickland test to challenges of guilty pleas based on ineffective assistance of counsel during the plea-bargaining process. Lafler v. Cooper, 566 U.S. 156, 162-63 (2012); Missouri v. Frye, 566 U.S. 134, 140 (2012); State v. DiFrisco, 137 N.J. 434, 456-57 (1994). Therefore, "[t]o establish Strickland prejudice, a defendant must 'show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different' . . . . [and] [i]n the context of pleas, a defendant must show the outcome of the plea process would have been different

with competent advice." Lafler, 566 U.S. at 163 (quoting Strickland, 466 U.S. at 694). Moreover, "a petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." Padilla v. Kentucky, 559 U.S. 356, 372 (2010).

Regarding Point III, it is well established that different rights are implicated by a PCR petition based on ineffective assistance of counsel and an application to withdraw a guilty plea. State v. O'Donnell, 435 N.J. Super. 351, 368 (App. Div. 2014). In fact, a motion to withdraw a guilty plea must be separately considered under the standard enunciated in Slater. As the Slater Court instructed:

> trial judges are to consider and balance four factors in evaluating motions to withdraw a guilty plea: (1) whether the defendant has asserted a colorable claim of innocence; (2) the nature and strength of defendant's reasons for withdrawal; (3) the existence of a plea bargain; and (4) whether withdrawal would result in unfair prejudice to the State or unfair advantage to the accused.
>
> [Slater, 198 N.J. at 157-58.]

The Slater Court further held:

> The same factors are to be used for motions filed either before or after sentencing, but the timing of the motion will trigger different burdens of proof for the movant: pre-sentence motions to withdraw a plea are governed by the "interest of justice" standard in Rule 3:9-3(e),

while post-sentence motions are subject to the "manifest injustice" standard in Rule 3:21-1.

[Id. at 158.]

Guided by these distinct principles, we turn to defendant's arguments that the PCR judge erred when analyzing his ineffective assistance of counsel claims.

As a general proposition, we defer to a PCR court's factual findings "when supported by adequate, substantial and credible evidence." State v. Harris, 181 N.J. 391, 415 (2004) (quoting Toll Bros, Inc. v. Twp. of W. Windsor, 173 N.J. 502, 549 (2002)). However, when the trial court does not hold an evidentiary hearing, it is within our authority "to conduct a de novo review of both the factual findings and legal conclusions of the PCR court." Id. at 421. Similarly, we review de novo the PCR court's legal conclusions. State v. Nash, 212 N.J. 518, 540-41 (2013) (citing Harris, 181 N.J. at 415-16).

We also review a judge's decision to deny a PCR petition without an evidentiary hearing for abuse of discretion. State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013) (citing State v. Marshall, 148 N.J. 89, 157-58 (1997)). A hearing is required only when: (1) a defendant establishes a prima facie case in support of PCR; (2) the court determines that there are disputed issues of material fact that cannot be resolved by review of the existing record; and (3) the court determines that an evidentiary hearing is required to resolve

the claims asserted. State v. Porter, 216 N.J. 343, 354 (2013) (citing R. 3:22-10(b)).

"[T]o establish a prima facie claim, a petitioner must do more than make bald assertions that he was denied the effective assistance of counsel." Id. at 355 (quoting State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999)). A PCR petition must be "accompanied by an affidavit or certification by defendant, or by others, setting forth with particularity," State v. Jones, 219 N.J. 298, 312 (2014), "facts sufficient to demonstrate counsel's alleged substandard performance," Porter, 216 N.J. at 355 (quoting Cummings, 321 N.J. Super. at 170); see also R. 3:22-10(c).

Having carefully reviewed the record in light of the applicable law, we are satisfied the PCR court properly concluded defendant failed to demonstrate how discovery he belatedly received would have changed his decision about pleading guilty to the challenged offenses. Likewise, we are persuaded defendant produced insufficient evidence to support his arguments that purported conflicts of interest impacted his decision to plead guilty, he was coerced into pleading guilty and when he entered his guilty pleas, he was not competent to do so.

On the other hand, we conclude the PCR court mistakenly exercised its discretion when it denied defendant an evidentiary hearing on his claim that his

A-5693-18

plea counsel was ineffective for failing to suggest he apply for PTI. We understand plea counsel's file was destroyed in Superstorm Sandy so that PCR counsel was only "working from the assumption that" plea counsel's performance was deficient in this respect. However, the prosecutor also was unable to find a PTI application from defendant regarding this matter. Because defendant's crimes were not of a violent nature and it is uncontroverted he suffered from certain mental health issues at the time of his sentencing, it would have been appropriate for the PCR court to conduct an evidentiary hearing to flesh out whether plea counsel suggested defendant apply to the PTI program and if not, why not. Additionally, the State should have been heard regarding whether it would have been receptive to admitting defendant into the PTI program.

Accordingly, we remand this matter for an evidentiary hearing to address these issues. At the remand hearing, consistent with <u>Frye</u> and <u>Strickland</u>, defendant must ultimately show not only that plea counsel was ineffective by failing to advise defendant to apply to PTI, but that, had counsel provided this advice, there is a reasonable probability defendant would have applied, the Criminal Division Manager would have recommended his enrollment, the

12

prosecutor would have accepted the recommendation, and the court would have admitted him to PTI.  See R. 3:28-3 to -5.

Finally, regarding the denial of defendant's motion to withdraw his guilty pleas, we are convinced the judge erred by failing to consider defendant's application in conjunction with the principles enunciated in Slater.  We are mindful the evidentiary hearing we envision for defendant's PCR claims also may inform the court's assessment of the Slater factors.  Nevertheless, because defendant did not file his motion to withdraw until several years after his sentencing, he will be entitled to relief on this motion only if he demonstrates to the trial court that his convictions are "manifestly unjust."  Slater, 198 N.J. at 156 (citing R. 3:21-1).

To the extent we have not addressed defendant's remaining arguments, they lack sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(2).

Reversed and remanded.  We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

13